UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BHAKTI CURTIS, <br><br>     Plaintiff, <br><br> v. <br><br> NEW JERSEY STATE POLICE COLONELS PATRICK J. CALLAHAN AND JOSEPH FUENTES, et al., <br><br>     Defendants. | Civil Action No. 19-21164 (GC) (RLS) <br><br><br> **MEMORANDUM OPINION AND ORDER** |

SINGH, United States Magistrate Judge.

Presently before the Court is a Motion by Plaintiff Bhakti Curtis ("Plaintiff") for leave to file a third amended complaint pursuant to Rules 15 and 16 of the Federal Rules of Civil Procedure (the "Motion" or "Motion to Amend"). (Doc. No. 59). Defendants Colonel Pat Callahan, Colonel Joseph R. Fuentes, Retired, State Trooper Alexander Lark, and Trooper Kemoy Ellis (collectively, "Defendants") oppose the Motion to Amend, (Doc. No. 70), to which Plaintiff replied, (Doc. No. 73). Having considered the parties' written submissions and deciding the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b), for the reasons set forth below, the Court **GRANTS** Plaintiff's Motion.

I.    RELEVANT BACKGROUND AND PROCEDURAL HISTORY

This action arises out of Plaintiff's allegations that, beginning in or about 2015, the New Jersey State Police and Defendants engaged in a pattern of discrimination and harassment against Plaintiff, a black male who resides in Pennsylvania. According to Plaintiff, Defendants were able to recognize Plaintiff when in New Jersey based on his vehicles and personalized license plates. Plaintiff alleges, *inter alia*, that, while he travelled within New Jersey, Defendants often stopped

1

and/or followed him, interrogated his mother at her home in New Jersey, and attempted to coerce him during an incident at the Borgata Hotel in Atlantic City. (*See* Doc. Nos. 1, 33).

### A. PROCEDURAL HISTORY

On December 6, 2019, Plaintiff initiated this action, asserting violations of his civil rights through 42 U.S.C. § 1983, the New Jersey Constitution, and the New Jersey Civil Rights Act, N.J.S.A. § 10:6-1 to -2, as well as claims of negligent hiring, training and supervision, and malicious prosecution. (*See* Doc. No. 1). In response to the original Complaint, the then-named defendants filed a motion to dismiss, to which Plaintiff sought leave to amend his Complaint. The Court granted in part and denied in part the motion to dismiss, dismissing certain defendants, and granted Plaintiff leave to file his amended complaint. (*See* Doc. Nos. 12-13). Upon the filing of the Amended Complaint, Defendants filed their Answer and the Court entered a Pretrial Scheduling Order, setting deadlines for discovery in this matter. (Doc. Nos. 14, 17). After extensions of the discovery schedule, on August 12, 2022, Plaintiff filed a Second Amended Complaint, adding a new defendant. (Doc. No. 33). On November 1, 2022, Defendants filed their Answer to the Second Amended Complaint. (Doc. No. 37). On March 23, 2023, new counsel substituted into this matter on behalf of Plaintiff. (*See* Doc. No. 42). Following a status conference with the parties, the Court entered an Amended Scheduling Order on April 27, 2023, resetting the deadline for the filing of any motion for leave to amend or join new parties to July 17, 2023. (Doc. No. 46).

On August 8, 2023, counsel for Plaintiff advised the Court that Plaintiff intended to seek to further extend the deadline for leave to amend and would seek leave to amend the Complaint again. (*See* Doc. Nos. 47-48, 51-52, 56-57). Because counsel for Defendants opposed the requests, the Court directed Plaintiff to proceed with the instant Motion. (*See* Doc. No. 58).

### B.     THE MOTION TO AMEND

On October 2, 2023, Plaintiff filed the instant Motion, seeking to file out of time a proposed third amended complaint. Through the proposed amended pleading, Plaintiff seeks to add as a Defendant New Jersey State Trooper E.J. Deery ("Deery")[1] based on a traffic stop and summons on January 16, 2023, where the summons ultimately had been dismissed. (*See* Doc. No 59). Plaintiff also seeks to add as additional defendants: New Jersey State Police ("NJSP") Bureau Chief Scott M. Ebner, NJSP Bureau Chief Christopher P. Nunziato, NJSP Bureau Chief William Harkness, NJSP Detective Sergeant Robert Comunale, NJSP Trooper Steven Chen, NJSP Staff Sergeant Thomas Blevins, NJSP Trooper Perez, NJSP Trooper Luis Torres, NJSP Major Michael Devlin, NJSP Trooper R.J. Murray, NJSP Lieutenant Malone, NJSP Trooper Christopher Kichura, and NJSP Detective Brian E. Quirk. Plaintiff asserts that these additional defendants were specifically referenced in the Second Amended Complaint, but prior counsel for Plaintiff had not completed an investigation through an expert to aid in determining whether these officers should be added as defendants. (*See* Doc. No. 59-1 at p. 4).

Plaintiff asserts that any delay in seeking to amend his complaint to add these new defendants is excusable because the summons issued by Deery was not dismissed until July 26, 2023 and Plaintiff learned on or about September 10, 2023 that the other officers should be added as defendants through the report of his retained expert, Darrin Porcher, Ed. D. ("Porcher"). (*See* Doc. No. 59-1 at pp. 3-4; Doc. No. 73 at pp. 3-4).

On November 17, 2023, Defendants filed their opposition to Plaintiff's Motion to Amend. (*See generally* Doc. No. 70). Defendants argue that, while they had consented to Plaintiff filing a

---

[1] In their opposition, Defendants refer to this Trooper as both "E.J. Perry" and "E.J. Deery". (*See* Doc. No. 70 at pp. 2 and 3). The Court refers to this individual as "Deery" based on Plaintiff's proposed pleading and construes the parties to be discussing the same individual.

third amended complaint to add Deery and the Union Township Municipal Prosecutor,[2] they object to Plaintiff's addition of the other officers as defendants, noting that Plaintiff had not met and conferred with them as to these individuals. (Doc. No. 70 at pp. 2–3). More specifically, Defendants contend that Plaintiff had ample time to add these officers based on discovery responses Plaintiff received on or before July 22, 2022—one year before the Court's July 17, 2023 deadline for filing any motions to amend pleadings. (Doc. No. 70 at p. 4). Defendants further contend that the purported expert report does not support adding the new officers as defendants, as the report relates primarily to a failure to supervise by already-named defendants Patrick J. Callahan ("Callahan") and Joseph R. Fuentes ("Fuentes"). (Doc. No. 70 at p. 4). Defendants further argue that Plaintiff has not shown that his claims against the new officers relate back to the original filing date, as required under Federal Rule of Civil Procedure 15. (Doc. No. 70 at p. 4).

On December 11, 2023, Plaintiff filed his reply to Defendants' opposition. (*See* Doc No. 73). Plaintiff argus that that New Jersey's Fictitious Party Rule permits him to name unknown defendants as "John Does" (which Plaintiff did in his prior pleadings) and then subsequently identify them with additional evidence (which, Plaintiff claims, arose through Porcher's report). (Doc. No. 73 at pp. 2–3). Plaintiff further adds that the Fictitious Party Rule makes a relation-back analysis unnecessary. (Doc. No. 73 at p. 6). Plaintiff also reiterates that various issues outside of his control led to the delays in adding the new officers as defendants. (Doc. No. 73 at p. 4).

## II.   LEGAL STANDARD

Here, Plaintiff seeks leave to file a third amended complaint after the Court ordered deadline for such motions. When that occurs, the movant must satisfy the good cause standard

---

[2] Plaintiff does not include the Union Township Municipal Prosecutor in his Motion to Amend. (*See* Doc. No. 59).

4

pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure before the Court considers whether the movant meets the standards for amendment pursuant to Rule 15 of the Federal Rules of Civil Procedure. *See Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010); *see also Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020) ("[W]hen a party moves to amend or add a party after the deadline in a district court's scheduling order has passed, the 'good cause' standard of Rule 16(b)(4) . . . applies."); *Wang v. N.J. State Police*, Civ. No. 18-11933, 2021 WL 794535, at *3 (D.N.J. Mar. 1, 2021).

To establish good cause, the movant must show due diligence. *Race Tires Am., Inc.*, 614 F.3d at 84. Due diligence can be met if the "delay in filing the motion to amend stemmed from any mistake, excusable neglect, or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order." *Young v. United States*, 152 F. Supp. 3d 337, 353 (D.N.J. 2015) (citation and internal quotation marks omitted). If a party "possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary" to seek leave to amend before the deadline lapsed, then courts will find that party lacked the necessary due diligence and will deny leave to amend. *Fermin v. Toyota Material Handling, U.S.A., Inc.*, Civ. No. 10-3755, 2012 WL 1393074, at *3 (D.N.J. April 23, 2012). Indeed, Rule 16's good cause standard seeks to fix the pleadings at some point in the proceedings. *See United States ex rel. McDermott v. Life Source Servs., LLC*, Civ. No. 19-cv-15360, 2023 WL 2238550, at *2 (D.N.J. Feb. 27, 2023) (citing, *inter alia*, Fed. R. Civ. P. 16(b), Advisory Committee's Note on 1983 amendment).

Only once good cause is met does the Court evaluate the proposed pleading under Rule 15 of the Federal Rules of Civil Procedure. *Harbor Laundry Sales, Inc. v. Mayflower Textile Serv. Co.*, Civ. No. 09-6259, 2011 WL 6303258, at *3 (D.N.J. December 16, 2011) (internal citation

omitted); *accord Wang*, 2021 WL 794535, at *2. Under Federal Rule of Civil Procedure 15(a)(2), a court should freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Foman v. Davis*, 371 U.S. 178, 182 (1962); *in re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The Rule aims to "ensure[] that an inadvertent error in, or omission from, an original pleading will not preclude a party from securing relief on the merits of his claim." *Korb v. Haystings*, 860 F. App'x 222, 226 n.5 (3d Cir. 2021) (citations omitted).

Nevertheless, the Court may, in its discretion, deny a motion for leave to amend in one of three instances: (1) the movant engaged in undue delay, bad faith, or dilatory motives; (2) the amendment would cause undue prejudice to the non-movant; or (3) amendment would be futile. *See, e.g.*, *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004); *BTG Int'l Ltd. v. Actavis Labs. FL, Inc.*, Civ. No. 15-5909, 2017 WL 529446, at *2 (D.N.J. Feb. 8, 2017). Notably, "[n]either Rule 15 nor Rule 16 stands for the proposition that a party can amend the complaint each and every time she becomes aware of new factual allegations that already support the allegations as set forth in the complaint." *McDermott*, 2023 WL 2238550, at *4.

As to undue delay, "[d]elay alone is not sufficient to justify denial of leave to amend[,]" but "at some point, delay will become undue, placing an unwarranted burden on the court and an unfair burden on the opposing party." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (internal citation, editing, and quotation marks omitted). "Delay may become undue when a movant has had previous opportunities to amend a complaint." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (citation omitted). Accordingly, a court will focus on why a movant did not amend sooner and consider "whether new information came to light or was available earlier to the moving party." *Ford Motor Co. v. Edgewood Prop., Inc.*, Civ. No. 06-1278, 2011 WL 1321605, at *2 (D.N.J. Apr. 4, 2011) (quoting *in re Adams Golf, Inc. Secs. Litig.*,

381 F.3d 267, 280 (3d Cir. 2004) (internal quotation marks omitted); *XL Specialty Ins. Co. v. PCS Wireless Warehouse, Inc.*, Civ. No. 18-17210, 2020 WL 967855, at *3 (D.N.J. Feb. 28, 2020).

Also, an amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To determine if an amendment is "insufficient on its face," the Court applies the same standard as on a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "[I]f a claim is vulnerable to a dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency." *Id.* On a motion brought pursuant to Rule 12(b)(6), courts must "accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). Factual allegations, however, must be sufficient "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017) (discussing standard under *Iqbal* and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

In addition, where, as here, a party seeks to add new parties, the Court considers Federal Rule of Civil Procedure 20(a), which permits joinder as defendants where "(A) any right to relieve is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Ultimately, the decision of whether to grant leave to amend lies within the sound discretion of the Court. *Arab Afr. Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993).

### III. DISCUSSION

As an initial matter, the Court recognizes Defendants do not assert arguments in opposition to the proposed addition of Deery as a defendant.[3] (*See* Doc. No. 70 at p. 3). Accordingly, the Court considers whether leave should be granted to add the other officers as defendants. The Court first considers whether Plaintiff meets Rule 16's good cause standard before considering the Motion to Amend under Rule 15.[4]

#### A. FEDERAL RULE OF CIVIL PROCEDURE 16

This case has been plagued with numerous delays, some of which outside of the parties' control. Nevertheless, based on the specific record presented here, Plaintiff acted with sufficient diligence to meet Rule 16. *See At Home Sleep Sols., LLC v. Horizon Healthcare Servs., Inc.*, Civ. No. 18-3333, 2020 WL 1271829, at *2 (D.N.J. Mar. 16, 2020).

Plaintiff argues that he did not have sufficient knowledge as to the new officers to name them as defendants until he received Porcher's report in September 2023, after the Court's deadline for leave to amend, and that such report had been delayed through no fault of Plaintiff himself (including health issues his prior counsel faced). (*See* Doc. Nos. 59-1 and 59-2 at pp. 60-63, 66, 69). Here, Porcher conducted a review of certain discovery served which ultimately provided additional detail as to Plaintiff's allegations and the additional officers sought to be added as defendants. (*See* Doc. No. 59-2 at pp. 56-58). Notably, Plaintiff retained new counsel and notified

---

[3] Notably, as to the allegations against Deery, Federal Rule of Civil Procedure 15(d) permits a party to supplement its pleading ased on "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "Supplemental pleadings . . . are limited to subsequent events related to the claim or defense presented in the original pleading." *T Mobile Northeast LLC v. City of Wilmington*, 913 F.3d 311, 326 (3d Cir. 2019) (internal quotation marks and citation omitted).
[4] The parties do not dispute that Rule 20(a) is met for joinder purposes; accordingly, the Court finds that joinder of the proposed new defendants is appropriate under Rule 20(a)(2).

the Court of his potential need to amend about three weeks after the lapsed deadline for leave to amend. The Porcher report is dated after counsel's notification to the Court and before the filing of the instant Motion. Plaintiff nonetheless established that there were sufficient factors to "understandably account" for the failure to comply with the Scheduling Order. *Young*, 152 F. Supp. 3d at 353; *see also At Home Sleep*, 2020 WL 1271829, at *3. Accordingly, the Court finds that Plaintiff sufficiently establishes good cause under Rule 16.

### B. FEDERAL RULE OF CIVIL PROCEDURE 15

As to Rule 15 of the Federal Rules of Civil Procedure, Defendants contest Plaintiff's Motion on the basis that the proposed pleading to add the new officers fails to relate back to the original pleading pursuant to Rule 15(c) of the Federal Rules of Civil Procedure. (*See* Doc. No. 70 at p. 4). In a conclusory fashion, Defendants argue that Plaintiff failed to show "that any of the defendants shought to be added were aware of the litigation and the particular occurrence." (Doc. No. 70 at p. 4).

Indeed, Federal Rule of Civil Procedure 15(c) sets forth the standard for when an amended pleading adding a new party relates back to the original complaint, which includes where the new party had sufficient notice of the action and should have known it would have been named but for a mistake. *See* Fed. R. Civ. P. 15(c); *Arthur v. Maersk, Inc.*, 434 F.3d 196, 208-209 (3d Cir. 2006). A court will consider whether a claim may proceed based on the relation back doctrine if such amendment occurs after the expiration of the applicable statute of limitations. *See, e.g.*, *United States v. Santarelli*, 929 F.3d 95, 101 (3d Cir. 2019); *Arthur*, 434 F.3d at 207; *Bernard v. United States*, No. 18-15996, 2019 WL 3719405, at *1 (D.N.J. Aug. 5, 2019) ("An amendment which would be barred by the applicable statute of limitations would therefore be futile unless it related back to the date of the original pleading pursuant to Rule 15(c).").

Here, Defendants flatly contest that the Court should conduct a relation-back analysis without any proffer as a threshold matter that the amendment would be untimely as to all proposed claims against the new defendants. This record is simply devoid of sufficient information for the Court to make any findings that an applicable statute of limitations (to which Defendants do not cite) would bar the proposed pleading on a futility analysis. Accordingly, the Court declines on this Motion to Amend to find that the proposed amended pleading would be futile for failing to relate back to the original pleadings in this matter. *See Colombo v. Bd. of Educ. for the Clifton Sch. Distr.*, No. 11-785, 2016 WL 6403081, at *2 (D.N.J. Oct. 27, 2016) (citing *in re Aetna UCR Litig.*, No. 07-3541, 2015 WL 3970168, at *8 (D.N.J. June 30, 2015)).

## IV.   CONCLUSION

Accordingly, for the reasons set forth above, and for good cause shown,

**IT IS**, **THEREFORE**, on this **1st** day of **May 2024** hereby

**ORDERED** that Plaintiff's Motion for Leave to Amend (Doc. No. 59) is **GRANTED**; and it is further

**ORDERED** that Plaintiff shall file its Third Amended Complaint by no later than **seven (7) days from the date of this Order** and shall serve the Third Amended Complaint on the newly added Defendants in accordance with the Federal Rules of Civil Procedure; and it is further

**ORDERED** that the Defendants who have already appeared in this matter shall file their respective response(s) to the Third Amended Complaint **within fourteen (14) days** of the filing of the Third Amended Complaint and the newly added defendants shall file their respective response(s) in accordance with the Federal Rules of Civil Procedure; and it is further

**ORDERED** that the Clerk of the Court shall **TERMINATE** the Motion pending at Docket Entry No. 59; and it is further

**ORDERED** that, by no later than **May 31, 2024**, the parties shall file with the Court a proposed amended discovery schedule.

**SO ORDERED**.

/s/ Rukhsanah L. Singh
_____
**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**